Argued and submitted May 8, 2012, affirmed August 21, 2013

In the Matter of the Compensation of
Jeffery P. Sparks, Claimant.

SAIF CORPORATION
and Pioneer Waterproofing Co. Inc.,
*Petitioners,*

*v.*

Jeffery P. SPARKS,
*Respondent.*

Workers' Compensation Board
1005303; A148910

309 P3d 174

Julie Masters argued the cause and filed the briefs for petitioners.

J. Michael Casey and Edward J. Harri filed the brief for respondent.

Before Ortega, Presiding Judge, and Hadlock, Judge, and Edmonds, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioners SAIF and Pioneer Waterproofing Co. Inc. (SAIF) seek review of an order of the Workers' Compensation Board (board), challenging the board's conclusion that SAIF did not correctly calculate claimant's temporary total disability (TTD) benefits when it failed to include in the calculation claimant's additional "wages" of subsistence pay and one-time travel pay. As explained below, we agree with the board's conclusion that claimant's subsistence and travel pay are indeed "wages" for purposes of determining claimant's TTD benefits under ORS 656.210(1) and OAR 436-060-0025(5)(c). Accordingly, we affirm.

We begin by explaining the legal framework at issue in this case. A worker who suffers a temporary disability as a result of a work-related injury is entitled to TTD benefits. ORS 656.210(1). Of significance to this case, TTD benefits are based on the "wage of the worker at the time of injury." ORS 656.210(2)(d)(A). "Wages," for these purposes, are defined as

> "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including reasonable value of board, rent, housing, lodging or similar advantage received from the employer[.]"

ORS 656.005(29).

Further, OAR 436-060-0025(5)(c) provides that, in cases in which

> "workers [are] paid salary plus considerations (e.g. rent, utilities, food, etc.) insurers must compute the rate on salary only if the considerations continue during the period the worker is disabled due to the injury. If the considerations do not continue, the insurer must use salary plus a reasonable value of those considerations. Expenses incurred due to the job and *reimbursed* by the employer (e.g. meals, lodging, per diem, equipment rental) are *not considered part of the wage.*"

(Emphases added.)

With that legal framework in mind, we turn to the undisputed facts of this case, as found by the board.

Claimant, a master mason from California, worked on two projects in Oregon between June 2008 and February 2009. Specifically, from June through September 2008, claimant worked on a project in Corvallis and, from October 2008 until his injury in February 2009, a project in Portland. For the Corvallis project, claimant was paid a daily "subsistence pay" of $76, which was in addition to his regular hourly wages and, for the Portland project, a monthly "subsistence pay"/"travel allowance" of $600, in addition to his regularly hourly wages. On one occasion, he was also paid "travel pay" of $12. Although the purpose of the subsistence pay was to assist claimant in taking care of his needs, such as lodging, food, and other related expenses, claimant was not obligated to use the payment in any particular manner. For each project, claimant received the fixed amount of payment "regardless of any expenditures made during any particular pay period," and he was "not required to submit receipts," nor was he compensated based on the specific amount that he spent. Each time claimant was paid, the subsistence and travel pay was included in his regular hourly wages in a single paycheck. In February 2009, when claimant became disabled, the subsistence and travel pay ceased. Claimant then filed a workers' compensation claim with SAIF and sought TTD benefits based on claimant's "average weekly wage." ORS 656.210(1). In calculating claimant's average weekly wage, SAIF did not include the subsistence pay or the one-time travel pay.

At a subsequent hearing before an administrative law judge (ALJ), claimant challenged SAIF's calculation of his average weekly wage, asserting that SAIF, by not factoring into the calculation the subsistence pay and travel pay, had not correctly calculated his TTD benefits. According to claimant, the subsistence and travel pay are not "[e]xpenses incurred due to the job and reimbursed by the employer" under OAR 436-060-0025(5)(c), but rather are "wages and considerations" that should have been included as part of his wages. Claimant argued that, because he was a traveling employee, he was provided with additional pay to supplement his regularly hourly wage. Claimant further argued that he was never required to submit receipts or other documentation for an equivalent reimbursement of the expended

amount and that he was not obligated to use the pay in any particular manner. SAIF responded that there was no requirement in any relevant rule or case law suggesting that a claimant is required to submit receipts in order for the payment to be characterized as a reimbursement and that, in relying on prior board decisions, the payments made here should be treated as reimbursements.

In the end, the ALJ agreed with claimant:

"Claimant's unrebutted testimony established that the subsistence and travel payments were designed to help him take care of his needs, including lodging, food and so forth, when he was living away from his home in California and working in Oregon. These payments meet the definition of 'wages' contained in ORS 656.005(29). According to the first sentence of OAR 436-060-0025(5)(c), only the salary is used to compute average weekly wage if the considerations, such as rent, utilities and food, continue during the period the worker is disabled. Claimant did not continue to receive the subsistence and travel pay following his injury in February 2009. These aspects of the case tend to support claimant's contention that the subsistence and travel payments should be included in calculating his [average weekly wage]."

The ALJ further reasoned that, in considering the meaning of "wages" and "reimburse" for purposes of OAR 436-060-0025(5)(c), the subsistence and travel pay fit within the definition of "wages" and thus SAIF should have considered those payments in calculating claimant's disability benefits.

After SAIF sought review of the ALJ's decision, the board affirmed, adopting the ALJ's order with supplementation. In particular, the board agreed with the ALJ's reliance on prior workers' compensation board decisions supporting the conclusion that, because of the manner in which the payments were made—that is, because claimant did not incur expenses and subsequently receive repayment of the costs in an equivalent amount—the subsistence and travel pay that claimant received were not reimbursements and fit within the definition of "wages" under ORS 656.005(29).

On judicial review, SAIF challenges the board's application of OAR 436-060-0025(5)(c) or, more precisely, the board's understanding of the terms "wage" and "reimburse"

for purposes of that rule and ORS 656.210(1). In addition, SAIF asserts that the board's reasoning, in "fail[ing] to make any finding of fact as to whether [claimant's] expenses actually exceeded the amount of the reimbursement[,]" was not supported by substantial evidence and substantial reason. Further, SAIF asserts that the board abused its discretion because the board's conclusion in this case was "inexplicably inconsistent with the holdings of its prior cases applying the same rule."

Whether the board correctly concluded that claimant's subsistence pay and travel pay are "wages" and not "expenses * * * reimbursed" for purposes of calculating TTD benefits presents us with a question of statutory construction, which we review for errors of law. ORS 183.482(8)(a)(B); *Baker v. Liberty Northwest Ins. Corp.*, 257 Or App 205, 210, 305 P3d 139 (2013). In resolving that issue, we apply, of course, the methodology prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), *as modified by State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), examining the text of the statute— here, ORS 656.210—in context, along with any relevant legislative history, in order to discern and give effect to the legislature's intent. With respect to interpreting an administrative rule—in this case, OAR 436-060-0025(5)(c)—"we apply the same principles of interpretation that are used to construe statutes." *Haskins v. Palmateer*, 186 Or App 159, 166, 63 P3d 31, *rev den*, 335 Or 510 (2003).

ORS 656.210(1) provides:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 133 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is less. * * *"

Again, for these purposes, "wages" are defined as

"the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including reasonable value of board, rent, housing, lodging or similar advantage received from the employer[.]"

ORS 656.005(29). In calculating TTD benefits based on a worker's "wages," "[e]xpenses incurred due to the job and *reimbursed* by the employer" are not considered "wages." OAR 436-060-0025(5)(c) (emphasis added). Accordingly, resolution of this case requires us to determine the intended meaning of "reimburse" as used in OAR 436-060-0025(5)(c). "Reimburse" as used in OAR 436-060-0025(5)(c) is not defined by an administrative rule. Accordingly, we consider its "plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. "Reimburse" is defined as "to pay back (an equivalent for something * * * expended) to someone." *Webster's Third New Int'l Dictionary* 1914 (unabridged ed 2002). There is nothing in the text or context of the rule that indicates that anything other than the ordinary meaning of "reimburse" was intended. Therefore, we apply that meaning on judicial review.

Here, as the board reasoned, the plain meaning of "reimburse" supports the conclusion that claimant's subsistence and travel pay were not provided as reimbursements. As the board's findings indicate, claimant was not paid back an equivalent amount of the expenses that he incurred. Rather, for each project, claimant received a set amount of subsistence and travel pay "regardless of any expenditures made during any particular pay period." Claimant was provided that additional payment along with his regular hourly wages in a single paycheck, and the board noted that claimant was "not required to submit receipts," further supporting the conclusion that claimant was not paid back in an equivalent amount based on his specific expenditures. Accordingly, as the board reasoned, we conclude that the particular circumstances in claimant's case support the conclusion that his subsistence and travel pay were part of his "wages" as defined in ORS 656.005(29)—or, in other words, as the board reasoned, that claimant's subsistence and travel pay were part of the payment that he was "contractually entitled to receive" pursuant to his employment contract and "irrespective of any expenses actually incurred."[1]

---

[1] SAIF, in asserting that the board misapplied the applicable law, focuses on the term, "per diem," which is listed in the administrative rule among examples of categories of things that do not constitute "wages" when they are incurred on the job and reimbursed. OAR 436-060-0025(5)(c). The fact that the rule provides that "per diem," when reimbursed, is not considered wages does not indicate one way or

As to SAIF's assertion that the board erred in "fail[ing] to make any finding of fact as to whether [claimant's] expenses actually exceeded the amount of the reimburseent," we conclude that the board was not required to make such a finding. The board evaluated the particular circumstances in claimant's case and ultimately concluded that the subsistence and travel pay were part of his wages and, particularly, that claimant was provided that set payment *regardless* of any expenditure made. Further inquiry regarding claimant's particular expenditures exceeding the payments that he received was not relevant in view of the board's reasoning.

Finally, SAIF expresses the concern that the reasoning in the board's order in this case is inconsistent with prior board decisions and, thus, that the board abused its discretion. To the extent that its decision is inconsistent with prior decisions, the board has offered an adequate explanation regarding the legal analysis in this particular context, and we conclude that that analysis is correct.

Affirmed.

---

the other whether the items at issue in this case constitute wages; that is, neither the statute nor the rule suggests that "per diem" will always constitute reimbursement for an expense that is actually incurred. Accordingly, given our conclusion that the payments at issue here did *not* reimburse for actual expenses, we need not decide whether those payments were "per diem," as urged by SAIF.